UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDY CAMPBELL,

      Plaintiff,

v.                                             Case No:   2:16-cv-201-FtM-38CM

DBI SERVICES, LLC,

      Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff Sandy Campbell's Motion for Remand (Doc. #15) filed on April 11, 2016.  Defendant DBI Services, LLC filed a Response in Opposition (Doc. #18) on April 25, 2016.  The matter is ripe for review.

### **Background**

The scant details asserted in Plaintiff's Complaint allege that Defendant employed Plaintiff with its highway maintenance company.  While Plaintiff was using a Kubota Zero Turn riding mower on the side of Interstate 75, the mower slid down a hill, causing severe bodily injury to Plaintiff.  Plaintiff alleges that this accident resulted from Defendant failing "to equip the mowers with the correct tires to perform the work on the steep side banks of [Interstate] 75," among other reasons.  Based on these allegations, Plaintiff asserts a single count for negligence against Defendant.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**Legal Standard**

Determining whether a defendant properly removed a state court action to federal court entails both jurisdictional and procedural considerations.  See *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007).  Jurisdictionally, removal is governed by 28 U.S.C. § 1441(a), which provides that a defendant may remove an action to federal court only if the district court has jurisdiction based on diversity of citizenship of the parties or federal question.  Procedurally, removal is governed by 28 U.S.C. § 1446, which sets out strict deadlines and consent requirements for proper removal.  Courts must construe these removal statutes narrowly, resolving any uncertainties in favor of remand. *See Burns v. Windsor Insur. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  The removing party bears the burden of proving that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove.  *See Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001).

**Discussion**

Plaintiff argues this action should be remanded for two reasons.  First, Plaintiff's claim "arises under" Florida's Workers Compensation Laws, and Florida state courts have exclusive jurisdiction over such actions.  Second, Defendant has failed to illustrate that the Court maintains diversity jurisdiction over this action.  The Court will address each argument in turn.

*A. Whether Plaintiff's Claim Arises Under Florida's Worker Compensation Laws*

Plaintiff avers this case must be remanded because Florida's Worker Compensation Law, Fla. Stat. § 440.11(1)(b)(2), is a "necessary element of the claim in Plaintiff's [C]omplaint."  And as a necessary element, Plaintiff argues, Florida state courts

have exclusive jurisdiction over this claim. The Court disagrees. Recently, the Honorable James S. Moody, Jr. addressed this exact issue. *See Payne v. J.B. Hunt Transport, Inc., --- F. Supp. 3d ----, 2016 WL 25943, at \*1 (M.D. Fla. Jan. 4, 2016)*. In *Payne*, the court held that Florida's Workers Compensation laws "do not *create* a cause of action that usurps a traditional common law action." *Id.* at \*4 (emphasis in original). "Nor do these statutes operate as a necessary element to a tort claim for negligence." *Id.* Instead, "these statutes merely permit an employee to bring a traditional common law action in lieu of proceedings under [Florida's Workers Compensation laws] and modify the common law action by depriving an employer of certain defenses for failure to comply with [those laws]." *Id.* Accordingly, Plaintiff is not entitled to remand based on this argument.

*B. Whether the Amount in Controversy has Been Met*

Plaintiff's second argument focuses on whether the Court maintains diversity jurisdiction over this action. Diversity jurisdiction requires that the parties be diverse in citizenship and that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000). Plaintiff does not dispute that the parties are diverse in citizenship. Instead, Plaintiff argues Defendant failed to illustrate that the amount in controversy exceeds $75,000. More specifically, Plaintiff argues that Defendant impermissibly relies on Plaintiff's pre-suit demand letter to establish the amount in controversy. And, according to Plaintiff, courts routinely hold that such letters are not sufficient to establish the amount in controversy. Defendant disagrees about Plaintiff's contention that there is a bright-line rule regarding using such evidence to support jurisdiction. Defendant notes that the Eleventh Circuit has previously held that courts may use their common sense to determine whether the amount in

controversy has been met. This includes analyzing previous jury verdicts for similar cases. The Court agrees with Plaintiff.

While a pre-suit demand letter, by itself, is not determinative as to amount in controversy, it "counts for something." *Burns*, 31 F.3d at 1097. Yet such an offer "provides only marginal evidence of the amount in controversy because the plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of damages sought by the plaintiff." *Bylsma v. Dolgencorp, LLC*, No. 8:10-cv-1760-T-23TBM, 2010 WL 3245295, *1 (M.D. Fla. Aug. 17, 2010) (citation omitted). Turning to this action, it appears Plaintiff's pre-suit demand letter constitutes posturing more than actual damages. The letter requests $650,000 in damages. From this amount, Plaintiff specifies that $100,000 is for reimbursement of medical expenses. But, in its Motion, Plaintiff points out that Defendant has already paid Plaintiff's medical expenses, so that $100,000 is no longer in controversy. Whether this is true or not, the Court finds the settlement demand letter, in and of itself, is not sufficient to prove to a "legal certainty" that the amount in controversy exceeds $75,000. *See Burns,* 31 F.3d at 1095.

Defendant also provides the Court with three jury verdicts exceeding $75,000 in actions where there were similar injuries to those that Plaintiff suffered here. The Court acknowledges that other courts in this district have found such evidence sufficient to establish the amount in controversy. *See, e.g., Payne*, 2016 WL 25943, at *1-3. But, in considering this Motion, the Court is limited to the Notice of Removal and accompanying documents. *See Lowery*, 483 F.3d at 1214. While Defendant failed to attach the settlement demand letter to the Notice of Removal (Doc. #1), the Court considered this document anyway because it was described in the Notice. The jury verdicts attached to Defendant's Response (Doc. #18-2), however, are a different story. These verdicts were not mentioned in, nor attached to, the

Notice of Removal.  (Doc. #1).  As such, these verdicts are outside "the limited universe of evidence" that is appropriate to consider in analyzing a motion to remand.  See *id.*[2]

Where, as here, "evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither [] [D]efendants nor the [C]ourt may speculate in an attempt to make up for the notice's failings."  *Id.* at 1215 (citation omitted).  Indeed, "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive, and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."  *Id.*  By failing to illustrate that the amount in controversy exceeds $75,000, Defendant has failed to meet its burden of proving that removal of this action was proper.  Therefore, the Court finds this action must be remanded back to the Florida state court.

Accordingly, it is **ORDERED**:

1. Plaintiff Sandy Campbell's Motion for Remand (Doc. #15) is **GRANTED**.

2. The Clerk is directed to **REMAND** this action to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is further directed to **TERMINATE** all pending motions, deadlines, and **CLOSE** this case.

**DONE** and **ORDERED** in Fort Myers, Florida, this 11th day of July, 2016.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] This is not to say that the combination of the verdicts and the settlement demand letter would not be sufficient to establish the amount in controversy, had they been properly submitted.  But the Court need not reach that issue today.